Frank T. Comiskey, Appellant, v. Alvin Engel and John Charlier, Trading as Ottawa Salvage Company, Appellees.

Gen. No. 10,384.

Opinion filed January 10, 1950.
Released for publication February 9, 1950.

McNEILLY & RYAN, of Peru, for appellant.

RICHOLSON, WILHELM & DAVIES, of Ottawa, for appellees.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Plaintiff, Frank T. Comiskey, is prosecuting this appeal from a judgment notwithstanding the verdict, entered by the circuit court of LaSalle county, in a proceeding for damages arising out of a collision between plaintiff's car, and the wrecker belonging to defendants, Alvin Engel and John Charlier, doing business as Ottawa Salvage Company.

In determining whether the judgment notwithstanding the verdict was in accordance with law, the primary inquiry herein is whether there is any evidence supporting the essential legal averments of plaintiff's claim.

The evidence, consisting of the testimony of plaintiff, his son, and defendant Alvin Engel, is largely controverted. It appears, however, that on December 30, 1944, at about 1:00 a. m., defendant Alvin Engel, in response to a call, brought defendants' wrecker to a

311

point about three and one-half miles south of Ottawa, Illinois, on highway No. 23, where an automobile was stuck in a ditch along the roadway. There were patches of ice on the road, which was approximately twenty feet wide, and some snow on the shoulders, which extended about seven and one-half feet on each side of the road.

Defendant had apparently already towed the car from the ditch, taken up the flares, and was about to depart, when plaintiff's car, driven by his son, approached from the north, over the crest of the knoll. Defendant, Alvin Engel, testified that the wrecker was then facing north, some 500 feet from the top of the hill, on the west shoulder of the highway, except for the right front wheel, which extended approximately two feet onto the highway. He asserted further, that he had sent the driver of the towed car ahead with a flashlight to warn approaching traffic.

Plaintiff's son, however, stated that there was no one with, or without, a flashlight standing in the road, and that he first perceived defendants' wrecker when he drove over the crest of the knoll, and saw the headlights beaming directly at him in his lane of the highway, approximately 100 feet ahead. He had been traveling at about thirty to thirty-five miles per hour from Ottawa to Streator, Illinois, and immediately applied his brakes. It is uncontroverted that the brakes held at first, but that the car slid ahead on a patch of ice until it collided with the right front side of the wrecker, driving it back some fifteen feet, and causing damage to plaintiff's car in the stipulated amount of $692.18.

The trial court denied defendants' motions for a directed verdict presented at the end of plaintiff's evidence, and again at the end of all the evidence, and submitted the cause to the jury. A verdict for plaintiff in the amount of $692.18 was returned, whereupon the

circuit court granted defendants' motion for judgment notwithstanding the verdict, and denied plaintiff's motion for judgment on the verdict, and defendants' alternative motion for a new trial. From this judgment notwithstanding the verdict, plaintiff has appealed.

██ It is clearly established that a motion for judgment notwithstanding the verdict may be sustained only where it appears that after a consideration of all the evidence, and reasonable inferences therefrom, in the aspect most favorable to plaintiff, there is a total lack of evidence necessary to prove an essential element of plaintiff's cause. (*Merlo v. Public Service Co.,* 381 Ill. 300; *Weinstein v. Metropolitan Life Ins. Co.,* 389 Ill. 571.) If, however, there is any evidence tending to support the necessary allegations of plaintiff's claim, the motion for judgment notwithstanding the verdict must be denied. (*Berg v. New York Cent. R. Co.,* 391 Ill. 52.)

██ Moreover, it is not the province of the trial court to weigh the evidence, or determine controverted questions of fact in passing upon the propriety of defendant's motion (*Osborn v. Leuffgen,* 381 Ill. 295), and a motion for judgment notwithstanding the verdict should be denied, even though the evidence may preponderate against the party opposing the motion, so that a verdict in his favor would be set aside when tested by a motion for a new trial. (*Merlo v. Public Service Co., supra.*)

The essential legal averments of plaintiff's claim are that defendants were negligent, that such negligence was the proximate cause of the damage sustained by plaintiff, and that plaintiff was in the exercise of due care.

With reference to defendants' alleged negligence, it is readily apparent that the evidence is controverted. Plaintiff asserts that defendants' wrecker was located about 100 feet from the crest of the knoll, facing north,

313

in the wrong lane of the highway, with no flares or other warning signals other than the headlights. Plaintiff argues, therefore, that the wrongful position of the wrecker, without proper warning, constituted negligent conduct, and that a collision was a foreseeable hazard, inasmuch as the wrecker could not be seen by an approaching southbound car until it came over the crest of the hill, and was then only 100 feet from the wrecker, on a highway covered with patches of ice.

Defendants, however, maintain that after Alvin Engel picked up the flares, he sent the driver of the towed car ahead with a flashlight to warn traffic, and insist that the wrecker was 500 feet from the top of the hill, on the shoulder of the road, except for the right front wheel. Defendants explain that because of the snow it was not deemed expedient to drive completely onto the shoulder. Therefore, on the basis of the facts and circumstances, defendants contend that no negligence could be inferred from the position of the wrecker to sustain plaintiff's allegation.

██ It is submitted that, from the uncontroverted evidence that plaintiff's car did not leave the highway, and from the severity of the damage, the wrecker was substantially on the highway when the collision occurred. However, it was the province of the jury to determine what the circumstances actually were, and whether they created a foreseeable hazard. Viewing this evidence most favorably for plaintiff, as this court is constrained to do under established principles, it is clear that plaintiff offered some evidence of defendants' negligence substantiating this essential averment.

██ Similarly, the record reveals some evidence that plaintiff's son exercised due care. He testified that he was driving approximately thirty to thirty-five miles per hour, which is not *per se* an excessive speed, and that when he reached the top of the hill and saw the wrecker 100 to 150 feet directly ahead, he imme-

diately applied his brakes, which were in good working order, but that the car slid ahead on a patch of ice. Defendants admit that the brakes were applied, but assert that plaintiff's son had been driving approximately fifty miles per hour. It could not be concluded that all reasonable minds would agree that the conduct of plaintiff's son showed a complete absence of due care; hence, that issue was properly submitted to the jury. (*Jung v. Dixie Greyhound Lines, Inc.*, 329 Ill. App. 361; *Petro v. Hines*, 299 Ill. 236.)

With reference to plaintiff's allegation that defendants' negligent acts proximately caused the damage sustained by plaintiff, it appears that defendants have directed their entire argument on this appeal to that aspect of the case. They contend that, irrespective of any alleged negligence, the ice on the highway, of which plaintiff was aware, constituted an intervening cause which broke the sequence of causation, and relieved them from liability.

 The doctrine of proximate cause has been repeatedly defined by eminent jurists, but the difficulty lies in its application. To make a wrongful act the proximate cause of an injury, it must be shown that the events which followed the wrongful act extended in an unbroken sequence from the wrong to the injury, and that the injury was the natural and probable consequence of the wrongful act. (*Berg v. New York Cent. R. Co., supra;* 45 C. J. 932 *et seq.*; *Merlo v. Public Service Co., supra.*) Moreover, it must also appear that it was an injury which the wrongdoer, in the exercise of reasonable care, should have foreseen. (*Moudy v. New York, C. & St. L. R. Co.*, 385 Ill. 446.)

 If, however, a new cause intervenes, which breaks the sequence between the original wrongful act and the injury, so that the cause of the injury is traceable only to the intervening act, the original wrong is no longer the proximate cause. Liability will be im-

posed, nevertheless, if the original and subsequent wrongful acts concur in causing the injury. (*Berg v. New York Cent. R. Co., supra.*)

In support of defendants' theory that the ice constituted an intervening cause which relieved them from liability, defendants cite the cases of *Berg v. New York Cent. R. Co.*, 391 Ill. 32; *Hickey v. Missouri Pac. R. Corp. in Nebraska*, 8 F. (2d) 128; and *Megan v. Stevens*, 91 F. (2d) 419.

In the *Berg* case, *supra*, the Illinois Supreme Court held that the defendant railroad was not liable, even though there was some evidence that it failed to blow a whistle and ring a bell, where the car in which plaintiff was riding skidded on the ice when the brakes were applied some 76 feet in front of the crossing, and then collided into defendant's train. The court stated that defendant's negligent failure to give a warning was not the proximate cause of the collision, inasmuch as the injury would not have occurred except for the ice which became a superseding cause. The court said at p. 65:

"Since Graves and Berg saw the train when they were yet a distance where the auto could have been stopped or turned from its course, and the collision avoided had it not been for the ice; it is obvious that the two causes, that is, defendant's wrongful act, and the condition of the street, were wholly unrelated."

The *Hickey* case is substantially the same as the *Berg* case, with reference to the facts and the rule of law promulgated by the court.

 In the instant case, while the plaintiff may have avoided colliding into defendants' wrecker, except for the ice, nevertheless, it was defendants' negligence which set in motion the sequence of events of plaintiff's son's stopping abruptly, and then skidding ahead on the ice and colliding with the wrecker. Moreover, defendants knew that the highway was icy in

316

patches, and could properly have foreseen the hazard of a car skidding from the crest of the knoll when it perceived the wrecker directly in front of it. Furthermore, in the instant case, the collision could not have occurred but for the negligence of the defendants, for if their wrecker had not been wrongfully parked on the highway, and had been on the shoulder of the road, then, irrespective of whether plaintiff skidded on the ice, there would have been no collision.

In the railroad cases, however, the trains were lawfully on the tracks, and the collision may very well have occurred irrespective of defendant's alleged negligence in failing to sound the whistle. In fact, the court in the *Berg* case stated that it was pure speculation whether, even if defendant had not been negligent, the car would have stopped sooner and avoided skidding.

The distinction in the causal relationship involved in the railroad cases, where the ice alone could have caused the damage irrespective of the alleged negligence, and the case at bar, where the collision could not have occurred except for defendants' alleged negligence, is apparent from the comments of the court in the *Megan* case, *supra,* where an automobile slid on the ice into a train which was standing at a grade crossing. The court intimated that, had the train been wrongfully on the track, as defendants' wrecker allegedly was in the instant case, the ice would have been a concurring, rather than an intervening cause. The court stated:

''If it was negligence for the defendant to use the crossing at all while it was snowing, or if to leave a standing car upon it was in and by itself, a negligent and wrongful act which might reasonably be expected to cause such an accident as this, we think it could be held that the wrongful obstruction of the crossing and the unforeseen presence of ice on the highway, con-

317

curred in causing the death of Stevens, since if the crossing had been left clear the presence of ice on the highway would not have caused this accident." (113 A. L. R. 996, 997.)

The analysis of the proximate cause issue in the case at bar is consistent, moreover, with our previous interpretations. In *Rhoden v. Peoria Creamery Co.,* 278 Ill. App. 452, this court stated: The proximate cause of an injury is that act or omission which immediately causes, and without which the injury would not have happened, notwithstanding other conditions or omissions concurred therewith . . . ."

 Inasmuch as Rule 22 of the Supreme Court of Illinois provides that where the reviewing court reverses the judgment entered notwithstanding the verdict, it shall determine the validity of the ruling on the motion for a new trial (Ill. Rev. Stat. 1947, ch. 110, par. 259.22 [Jones Ill. Stats. Ann. 105.22]; *Milliken Nat. Bank of Decatur v. Shellabarger Grain Products Co.,* 389 Ill. 196). It is our opinion that the trial court was in error in entering judgment for defendant notwithstanding the verdict; that the motion for a new trial should be overruled; and that judgment be entered on the verdict for plaintiff and against defendant in the sum of $692.18. Such judgment is accordingly entered.

*Judgment reversed.*