William Kelleher, Plaintiff-Appellee, v. Toledo, Peoria & Western Railroad Company, a Corporation, Defendant-Appellant.

Gen. No. 52,560.

First District, First Division.

September 18, 1970.

Winston, Strawn, Smith & Patterson, of Chicago (George B. Christensen and Stanley A. Walton, III, of counsel), for appellant.

■■■■■■■■■■■■■■■■■■■■■■■

Philip E. Howard and Jerome H. Torshen, of Chicago (Jerome H. Torshen, of counsel), for appellee.

GOLDENHERSH, J.

Defendant, Toledo, Peoria & Western Railroad Company, appeals from the judgment of the Circuit Court of Cook County entered upon a jury verdict in the amount of $24,000. In this action plaintiff seeks to recover damages for personal injuries suffered when an automobile he was driving was struck by defendant's train.

The evidence shows that Veto Street runs north and south in the Village of Chenoa, and is intersected at right angles by defendant's main east-west line. The crossing at Veto Street contains a single main track with a spur track on either side. Parallel to, and approximately 200 feet west of Veto Street is the north-south track of the Gulf, Mobile & Ohio Railroad. A building known as the Gulf, Mobile & Ohio "tower" stands north and east of the point where defendant's track intersects the Gulf, Mobile & Ohio. At the time of the collision plaintiff was driving south on Veto Street and defendant's train was eastbound.

Veto Street is Chenoa's main street. There is some conflict in the testimony but it appears that as one drives south on Veto Street the view to the west is obstructed by a row of buildings which extend from approximately 600 feet to 200 feet north of the crossing. There is then a span of approximately 50 feet where there are no buildings, and at this point a motorist has a view of defendant's main line from slightly west of the Gulf, Mobile & Ohio tower to a point approximately 500 feet to the west of the tower. The view is again obstructed by buildings until he reaches a point approximately 15 to 20 feet north of the main track.

Defendant's right of way extends 50 feet north of the center of the main line track or 35½ feet north of the north rail of the north spur track.

On January 24, at approximately 4:30 p. m., plaintiff, then 17 years of age, was driving an automobile south on Veto Street at a speed of 12 to 13 miles per hour. Although it had not snowed for a period of 48 hours, heavy snows totalling approximately 7 inches had fallen in the preceding three days. The weather was cold and there was "hard-packed slippery snow" on the crossing to a depth of about 2 inches. There were ruts and chuckholes of various sizes in the crossing.

When plaintiff's vehicle was approximately 45 to 60 feet north of the main track he heard a train whistle. This was 6 to 8 seconds before the impact. He testified that approximately one-half second elapsed between his hearing the whistle and beginning to depress the brake pedal. In that half second the automobile moved 10 or 15 feet. He "pumped" the brakes, but the car continued forward in a slow skid. It crossed the north spur track and slid over the north rail of the main track where its front wheels fell into a rut or hole. Plaintiff immediately took his foot off the brake and shifted into reverse gear. Although the reverse gear engaged, the rear wheels spun on the ice and the car remained caught in the rut. When the train struck, the car had been in reverse gear for approximately two and one-half seconds.

There is conflicting testimony as to the speed of the train, and admittedly it was approximately 2 hours behind schedule. There was a great deal of testimony as to ruts and depressions in the crossing, but this testimony and the pleadings will be reviewed only to the extent necessary to a discussion of the issues raised in this appeal.

Defendant contends the trial court erred in denying its motions to strike and for directed verdict with respect to paragraphs 6(f) and 6(g) of plaintiff's complaint, as amended. These paragraphs charge defendant with negligence because it failed to clear and remove snow and ice from the crossing and its approach, and failed to

spread abrasive material on the snow-covered crossing and approach. It argues there is no duty on its part to do those things.

It is not necessary, upon the record in this case, to decide the abstract question of whether defendant owed a duty, specifically, to remove snow and ice from the crossing and its approach, or to spread abrasive material upon the snow-covered areas. Plaintiff's complaint, as amended, charges 18 specific acts of negligence, of which four were stricken, one was stricken in part, and three were withdrawn. It is not disputed that defendant owed a duty to maintain the crossing and the approach thereto in a reasonably safe condition, McElligott v. Illinois Cent. R. Co., 37 Ill2d 459, 227 NE2d 764. The complaint charges, and the evidence shows, the presence of ruts and chuckholes over a long period of time. Harry Meints, defendant's section laborer, testified that defendant had difficulty over a long period with a rut adjacent to the north rail of the main line track, that it was fixed repeatedly but "the cars would whip that right out." He described this rut as three feet in length, north to south, and one foot in width, east to west. Upon the evidence adduced, whether defendant's failure to remove ice and snow or spread abrasive material was negligence which contributed to defendant's failure to make the crossing reasonably safe for the traveling public was for the jury.

Defendant next contends the court erred in denying its motions for directed verdict, and argues that as a matter of law the snowpacked condition of the street was the proximate cause of the collision. In support of its contentions, it cites Berg v. New York Cent. R. Co., 391 Ill 52, 62 NE2d 676; McElligott v. Illinois Central R. Co., 37 Ill2d 459, 227 NE2d 764, and cases decided by United States Courts of Appeals on the basis of Indiana, Nebraska, and Iowa law. We have examined these authorities and find them clearly distinguishable. Here,

the evidence would support a finding of deep ruts in the crossing, excessive speed on the part of the train, failure to comply with the statutes relative to whistles and bells, and obstruction of plaintiff's view to the west of Veto Street. Plaintiff's testimony shows he was driving with his vent window open in order to listen for trains, as he drove south on Veto Street he looked to his right at all points where there was a view to the west, the view through the open space approximately 200 feet north of the crossing was obstructed by parked trucks, he was 50 feet north of the main line when he heard the whistle, at that point there is no view to the west, and he was 15 to 18 feet north of the main line track when he saw the train, at which time it was 375 feet west of Veto Street traveling at a speed of 55 miles per hour. Under these circumstances, we cannot say as a matter of law that the presence of ice and snow was the sole cause of plaintiff's injury.

With respect to the Berg case upon which defendant bases the greater part of its argument that the presence of ice and snow on the crossing, and not defendant's negligence, was the proximate cause of the collision, it is noted that it is cited without comment in a case decided under the law of Indiana (Hart v. Wabash R. Co., 177 F 2d 492, CA 7th), and distinguished in three opinions of the Appellate Court of Illinois (Langston v. Chicago & N. W. Ry. Co., 330 Ill App 260, 269, 70 NE2d 852; Comiskey v. Engel, 339 Ill App 309, 315–318, 89 NE2d 845; Marquardt v. Cernocky, 18 Ill App2d 135, 147, 151 NE2d 109. In our opinion, the facts in the case before us are so clearly distinguishable from those in Berg as to require no further comment.

■ Defendant contends the evidence establishes plaintiff was guilty of contributory negligence as a matter of law. We have reviewed plaintiff's testimony with respect to what occurred as he approached the crossing.

■■■■■ ■■■■

This testimony is sufficient to present an issue of fact and supports the jury's special finding that plaintiff acted with due care for his own safety.

■ Defendant contends the trial court erred in permitting plaintiff, over its objection, to testify that on the day of the occurrence he observed that the Gulf, Mobile & Ohio crossing in another part of Chenoa had been cleared of snow. The transcript shows defendant made a general objection which raised only the issues of relevancy and materiality, Johnson v. Bennett, 395 Ill 389, 69 NE2d 899, and not the questions which defendant now urges as grounds for reversal.

Defendant further contends the trial court erred in admitting testimony that prior to the occurrence the crossing was protected by a bell and a flagman. What we have said in the preceding paragraph is applicable here and the error, if any, was not properly preserved.

■ ■ Defendant complains of the giving of plaintiff's instructions 17 and 20. Instruction 17 correctly instructed the jury that defendant's duty was to so maintain its crossings and approaches as to make them reasonably safe as to persons and property. McElligott v. Illinois Cent. R. Co. (supra). Plaintiff's Instruction 20 is in the form of IPI 20.01, and the record contains evidence from which the jury could have found defendant guilty of each of the acts of negligence therein enumerated.

■ Defendant complains of the trial court's refusal to give its instructions No. 18, 18a and 10. None of them is in IPI, all are argumentative in form, and the trial court did not err in refusing them.

■ Defendant finally contends the trial court erred in refusing to direct verdicts on plaintiff's allegations of excessive speed and failure to properly blow a whistle, or ring a bell. There is sufficient testimony in this record to support these charges of acts of negligence, and the court correctly submitted them to the jury.

We find no reversible error, and the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.