Olive FIELDS, Executrix of the Estate of
Elbert C. Fields, Appellant,

v.

CHICAGO, ROCK ISLAND AND PACIF-
IC RAILROAD COMPANY, a
corporation, Appellee.

No. 75–1243.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 8, 1975.

Decided April 7, 1976.

Richard C. Witzel, St. Louis, Mo., for appellant. Merle L. Silverstein and Mortimer A. Rosecan, St. Louis, Mo., also appeared on brief and appendix.

James D. Eckhoff and Robert R. Schwarz, St. Louis, Mo., also appeared on brief.

1. Federal jurisdiction arises from diversity of citizenship between the parties and the amount

Before LAY, BRIGHT and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

Plaintiff Olive Fields appeals from a judgment upon a jury verdict for defendant Chicago, Rock Island and Pacific Railroad Company in this action brought in the Eastern District of Missouri. The incident giving rise to the litigation was a railroad crossing collision at Durkee's Crossing in Grundy County, Illinois, in which plaintiff's decedent, Elbert C. Fields, was killed when his automobile, traveling north on Brisbin Road, was struck by defendant's train, traveling west on the northern track of defendant's double tracks. Illinois law is applicable.[1]

The complaint alleged that the collision was proximately caused by defendant's violation of Illinois statutes pertaining to warning bells and whistles and to the maintenance of grade crossings and by defendant's negligence in the operation of its train. The answer denied plaintiff's allegations of statutory violations and negligence and alleged that plaintiff's decedent was contributorily negligent. Contributory negligence is a complete bar to recovery in Illinois. Defendant's motion for a directed verdict was denied and the case was submitted to the jury, which returned a verdict for defendant.

In this appeal plaintiff assigns as reversible error two instructions given to the jury by the trial judge. We affirm.

The first questioned instruction, referred to as No. 14, relates to the defendant's allegation that the decedent was contributorily negligent. It reads:

It is generally recognized that railroad crossings are dangerous places and one crossing the same must approach the track with the amount of care commensurate with the known danger in this connection. The Court instructs you that if you find and believe from the evidence that:

in controversy being in excess of $10,000.00. 28 U.S.C. § 1332.

1. Decedent knew and was aware of the crossing,

2. Decedent stopped or slowed his motor vehicle in the immediate vicinity of the southernmost track, and in the exercise of ordinary care could have stopped in a safe position, and

3. At such time as the decedent stopped or slowed his motor vehicle that he was in a position of safety and if in the exercise of ordinary care for his own safety, saw, or should have seen, heard or should have heard, the train or the train whistle and thereby have known the train was so close as to constitute a hazard and danger to proceed across said tracks, and further the decedent did then proceed across said tracks, and if you find that such conduct on the part of the decedent constituted contributory negligence and if you further find that such contributory negligence caused or contributed to cause said collision then your verdict shall be in favor of the defendant.

Plaintiff argues that this instruction removed from the jury's consideration the question whether the decedent acted reasonably, as it eliminated from consideration all actions other than a certain course of conduct, which included stopping, which a reasonably prudent man might have taken under the circumstances. Plaintiff submits that Illinois law requires that the jury determine whether decedent's particular conduct was reasonable, and that stopping at a railroad crossing is not essential to reasonable conduct.

■ Relatedly, plaintiff contends that the instruction placed undue emphasis upon decedent's ability to stop and that by use of the word "could" instead of "would" or "should" in paragraph 2 the district court rewrote the concept of ordinary care so as to adopt a "possibility" instead of a "duty" standard, thus requiring the jury to base its finding as to contributory negligence upon the decedent's ability to stop his vehicle. Evidence favorable to the defendant tended to show that the decedent had stopped or appreciably slowed his automobile near the south tracks and thereafter had proceeded onto the north tracks into the path of the train, which struck the decedent's automobile despite efforts of the crew to halt the train. A party is entitled to an instruction on his theory of the case provided that a proper request is made and that there is evidence to support it. *See, e. g., Emery v. Northern Pacific R. R.,* 407 F.2d 109 (8th Cir. 1969); *Halladay v. Verschoor,* 381 F.2d 100 (8th Cir. 1967); *Town of Radcliffe, Iowa v. Carroll,* 360 F.2d 321 (8th Cir. 1966). Of course, it must not exclude fair presentation of other theories also based upon credible evidence.

■ As we view Instruction No. 14, it fairly presented defendant's theory that decedent, who was acquainted with the crossing, stopped or nearly stopped short of the crossing in a position of safety, then proceeded negligently into the path of the train and that such negligence caused or contributed to decedent's injuries and death.

We acknowledge that editorially the instruction might have been improved, as for example by omission from paragraph 2 of the words "and in the exercise of ordinary care could have stopped in a safe position", but we simply cannot agree in these circumstances that use of the word "could" prejudiced plaintiff.

It is not the stopping or possibility of stopping that is ultimately condemned by the instruction. Rather, it is the negligent departure from a position of safety into the path of the oncoming train that the instruction posits as a basis for a finding of contributory negligence.

We find nothing in the Illinois cases cited by plaintiff contrary to the conclusion we have reached. They simply are not directly in point or are inapposite.

■ Decisions interpreting federal and Illinois law recognize that when a portion of a jury instruction is assigned as error, the reviewing court must look to the instruction as a whole. *See Jiffy Markets, Inc. v. Vogel,* 340 F.2d 495, 500 (8th Cir. 1965), and *Dreckman v. Flores,* 331 F.2d 221, 222 (7th Cir. 1964), and cases cited.

This general rule is applicable to all of plaintiff's allegations, substantive as well as procedural,[2] as each allegation relates to a portion of the over-all charge to the jury.

In the jury instructions, which are contained in some 13½ pages of the transcript, there are several references to the "reasonable man" concept other than the one which refers to whether the decedent "could have stopped." In paragraph 3 of the instruction set out above, the court indicated that the jury might or might not find that the described course of conduct constituted contributory negligence. Elsewhere, negligence and ordinary care are defined by reference to acts or omissions of "a reasonably careful person." Twice the court instructed that "[t]he law does not say how a reasonably careful person would act under the circumstances. That is for you to decide."

The trial court was careful to warn against any overemphasis of certain evidence and that the court's purpose was "to express no opinion upon the facts of this case." The court admonished the jury that the jury was to apply the instructions as a whole and was not to "attempt to separate and disregard part of them and use and apply the remainder." Finally, in this vein it is noted that the instructions also contain an explanation of plaintiff's theory of the case and include statements of the duties imposed by law upon the defendant railroad company.

Viewing the instructions as a whole, we find that Instruction No. 14 did not abrogate the requirement that the "reasonable man" standard of care be applied to decedent's conduct and that there was no error for overemphasis on decedent's stopping or ability to stop.

The other instruction assigned as error, No. 13, reads as follows:

> The Court instructs the jury that it was not the duty of the defendant to maintain or control any part of the roadway which led to its tracks.

Plaintiff submits that this is an incorrect statement of Illinois law, as crossings and approaches are "part of the roadway" and Illinois statutes and decisions impose upon railroads the duty to maintain crossings and approaches in a reasonably safe condition. See Ill.Rev.Stat.1969, Ch. 114, § 62; *Merchants Nat'l Bank of Aurora v. Elgin, J. & E. Ry.*, 49 Ill.2d 118, 273 N.E.2d 809 (1971); *Kelleher v. Toledo, Peoria & Western R. R.*, 129 Ill.App.2d 110, 262 N.E.2d 744 (1970), *cert. denied* by Illinois S.Ct., 1971.

■ In her motion for a new trial plaintiff alleged for the first time that this instruction incorrectly stated Illinois law. For purposes of assigning error, an objection to jury instructions must be made "before the jury retires to consider its verdict" and must be distinct as to "the matter . . . and the grounds" of the objection. Fed.R.Civ.P. 51. *See Griggs v. Firestone Tire & Rubber Co.*, 513 F.2d 851 (8th Cir. 1975); *Otten v. Stonewall Ins. Co.*, 511 F.2d 143 (8th Cir. 1975). No contention was made before the district court at the time of the objection that the Illinois law was different from that stated in the instruction. Therefore, we should entertain this objection on grounds of Illinois law only if the error, if any, "is inconsistent with substantial justice." Fed.R.Civ.P. 61.

■ While the authorities relied upon by plaintiff do support the proposition that a railroad has the duty to maintain both crossings and approaches in a reasonably safe condition, there is an important qualification to that rule. Where a local governmental unit constructs and maintains the roadbed including that part which passes over the defendant railroad's right of way,

---

2. State law is applicable to issues relating to the substance of jury instructions, while federal law governs procedural issues. Fed.R.Civ.P. 51. *See Batesole v. Stratford*, 505 F.2d 804 (6th Cir. 1974); *Hopkins v. Metcalf*, 435 F.2d 123 (10th Cir. 1970). Plaintiff's allegations concerning the "reasonable man" concept and the use of the word "could" instead of "should" or "would" with reference to decedent's stopping are substantive, while the allegation that undue emphasis was placed upon decedent's ability to stop is properly categorized as procedural.

the defendant is relieved of any duty to maintain or control any part of the roadbed extending appreciably beyond its outer tracks. *McElligott v. Illinois Central R. R.,* 37 Ill.2d 459, 227 N.E.2d 764 (1967).

Here it is conceded that Brisbin Road leading up to the tracks at Durkee's Crossing was constructed and is maintained by Saratoga Township. Thus the defendant's maintenance responsibility runs only "tie-to-tie" through the crossing and the questioned instruction was a correct statement of Illinois law.

By timely objection plaintiff complained that Instruction No. 13 removed from the jury's consideration the question whether defendant was negligent in failing to maintain the crossing and approaches in a reasonably safe condition and whether the condition of the approaches should be considered in evaluating decedent's contributory negligence. Plaintiff also objected that the instruction conflicted with other instructions on the duties of the railroad and that it was not in point because the incident did not occur on the roadway.

Immediately before delivering the contested instruction, the court instructed the jury as to the duties imposed upon the defendant pursuant to rules of the Illinois Commerce Commission, specifically Rules 205 and 206. Rule 205, which was read to the jury, requires that the defendant keep its right of way clear of "brush, shrubbery, trees, weeds, crops, and other unnecessary obstructions for a distance of at least 500 feet each way from every grade crossing where such things materially would obscure the view of approaching trains to travelers on the highway." The court explained that Rule 206 requires that the defendant "maintain Durkee's Crossing and its approaches so that they would be reasonably safe for use by the public."

The jury was also instructed as to what it might take into account in determining whether the crossing was extra hazardous and that it might find a violation of rule 206 if it found the crossing to be extra hazardous. And the jury was told that it

could find that the defendant was negligent if Rule 206 was violated.

We conclude that the instructions, when viewed as a whole, adequately required the jury to consider the duty of the defendant to maintain its crossing and approaches in a reasonably safe condition subject to an appropriate qualification as to maintenance of the roadbed of Brisbin Road, that the jury was not precluded from properly evaluating decedent's alleged contributory negligence and that substantial justice was done.

In reaching this conclusion, we have not found it necessary to pass upon defendant's claim that defendant was entitled to a directed verdict on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law. However, we are mindful of the heavy preponderance of evidence of such negligence.

Affirmed.