Louis RISKE and Jerry Riske, Appellees,

v.

TRUCK INSURANCE EXCHANGE, a
corporation, Appellant.

No. 75–1922.

United States Court of Appeals,
Eighth Circuit.

Submitted June 18, 1976.

Decided Sept. 16, 1976.

Carlton J. Hunke, Fargo, N. D., for appellant; Mart R. Vogel, Fargo, N. D., on briefs.

Kenneth M. Moran, Jamestown, N. D., for appellee.

Before GIBSON, Chief Judge, and LAY and WEBSTER, Circuit Judges.

GIBSON, Chief Judge.

Plaintiffs, Louis and Jerry Riske, were insured under a $50,000 limit liability insurance contract with defendant Truck Insurance Exchange (Truck) when Cynthia Ngan, a guest on their Minnesota farm, was injured in a snowmobile mishap in February, 1968. The snowmobile, manufactured by Arctic Enterprises, Inc. (Arctic), was operated by Louis Riske's nineteen-year-old son Jerry at the time of the accident. Ngan suffered severe injuries and permanent disabilities.

·On July 15, 1969, Ngan brought suit against the Riskes and Arctic in the United States District Court · for the District of North Dakota. Truck defended the Riskes in that litigation. The jury, properly applying Minnesota's comparative negligence law, made no finding of negligence against Arctic, but found Jerry and Louis Riske each 45% negligent and Ngan 10% negligent. Damages of $200,000 were assessed. The Riskes were thus held liable for $180,-000. Truck paid $50,000 plus interest to Ngan in partial satisfaction of the judgment, leaving the Riskes liable for the remaining $130,000.

Subsequently, pursuant to an agreement with Ngan, the Riskes sued Truck in the United States District Court for the District of North Dakota for $130,000 plus interest on the ground that Truck had failed to exercise good faith in settlement negotiations and had failed to settle the claim within the policy limit.[1] A jury verdict for the Riskes in the amount of $130,000 was set aside by the trial court, which entered a directed verdict for Truck on the basis that there was insufficient evidence to support a finding of lack of good faith on Truck's part. Plaintiffs appealed and this court reversed and remanded for entry of judgment pursuant to the jury verdict. *Riske v. Truck Insurance Exchange*, 490 F.2d 1079 (8th Cir. 1974).

Upon remand, Truck's motion for a new trial was granted. The second trial[2] again resulted in a jury verdict for the Riskes in an amount of $130,000 plus costs and interest running from October 23, 1970. Truck appeals.

Truck first contends that it was entitled to a directed verdict because plaintiffs had offered no evidence proving that they had been damaged by Truck's failure to settle the Ngan lawsuit. Truck views plaintiffs as undamaged by the non-settlement of the Ngan case because of an agreement they entered with Ngan on July 16, 1971, which purportedly protected the Riskes from all future liability regardless of the outcome of their litigation against Truck. It also appears that the Riskes are virtually judgment proof. This precise claim was decided against Truck in the first appeal. *Riske v. Truck Insurance Exchange, supra* at 1088.[3] Defendants do not

1. At the outset counsel for Ngan offered to settle for $25,000, which he assumed was the policy limits. When Truck was forced to disclose policy limits upon interrogation, it appears that this case could have been settled for $45,000.

2. This trial came before the Honorable Bruce M. VanSickle, United States District Judge for the District of North Dakota, who had not presided over the previous trial.

3. In the first appeal this court, commenting on the Minnesota case of *Lange v. Fidelity & Cas-*

contend that the evidence offered at the second trial differed substantially from that offered at the former trial. It is therefore the law of the case that the Riskes were not insulated from all potential liability resulting from the non-settlement of the Ngan lawsuit by their agreement with Ngan and that this agreement did not extinguish their right to sue for damages. *Otten v. Stonewall Insurance Co.*, 538 F.2d 210, 212 (8th Cir. 1976); *Pyramid Life Ins. Co. v. Curry*, 291 F.2d 411 (8th Cir. 1961); *Thorton v. Carter*, 109 F.2d 316 (8th Cir. 1940).

■ Truck's second contention is integrally related to its unsuccessful argument that plaintiffs were exposed to no liability because of their agreement with Ngan and it is, therefore, equally unavailing. Truck argues that the trial court erred in refusing to admit the July 16, 1971, agreement into evidence for the purpose of showing that the Riskes had suffered no damages as a consequence of the Ngan trial. Since the law of the case established that the agreement could not be considered probative of this issue, *Riske v. Truck Insurance Exchange, supra* at 1088, there was clearly no error in refusing its admission into evidence.

■ Truck contends that certain testimony at trial informed the jury of this court's prior decision and, moreover, created the false impression that a certain covenant

not to sue proposed by Ngan's attorney during the Ngan trial had been approved in that decision. There is some authority supporting the conclusion that reference by counsel to the result of a prior opinion on appeal may constitute reversible error. *Baush Machine Tool Co. v. Aluminum Co. of America*, 79 F.2d 217 (2d Cir. 1935); *Olsten v. Susman*, 391 S.W.2d 328 (Mo.1965). *See generally* Annot., 15 A.L.R.3d 1101 (1967). However, Truck has failed to show the applicability of that principle to the instant case. The reference to our prior decision, which was made in the context of a tangential issue, did not reveal the result of the first appeal in this case. Moreover, even assuming that the mere reference to the existence of a prior appellate decision created a false impression in the jury as to our view of the propriety of a certain form of covenant not to sue, Truck has not shown that the jury was thereby curtailed in the scope of its independent judgment as to the weight of the evidence. *Baush Machine Tool Co. v. Aluminum Co. of America, supra* at 225. Finally, it must be noted that it was Truck's counsel who elicited the now contested reference to our prior decision during cross-examination of one of plaintiff's witnesses. Nor, after the witness's first reference to our prior decision, did Truck's counsel change the direction of his inquiry, but rather persevered so as to elicit

*ualty Co. of New York*, 290 Minn. 61, 185 N.W.2d 881 (1971), stated:

> In Minnesota, even an insolvent insured has a cause of action against an insurance company for a bad faith failure to settle resulting in an excess judgment. *Lange v. Fidelity & Casualty Co. of New York, supra*, 185 N.W.2d at 885.
>
> The Minnesota court adopted this rule because it feared that an insurance company would disregard the insured's interests if it knew that because of the insured's financial condition, the insured would not have to satisfy an excess judgment. And since even an insolvent suffers injury, such a result could not be sanctioned. Accordingly, we believe the agreement did not extinguish the Riskes' right to sue or claim damages.

*Riske v. Truck Insurance Exchange*, 490 F.2d 1079, 1088 (8th Cir. 1974).

Although Truck has cited cases supportive of its contention, those cases are from jurisdic-

tions other than Minnesota and cannot properly be considered in this diversity case where Minnesota law governs. The Minnesota law on this issue is clear. The *Lange* case interpreting Minnesota law controls and is in accord with Minn.Stat.Ann. § 60A.08(6) (1968), which provides:

> Bankruptcy or insolvency clause. Every bond or policy of insurance issued in this state * * * shall, notwithstanding anything in the policy to the contrary, be deemed to contain the following condition:
>
> "The bankruptcy or insolvency of the insured shall not relieve the insurer of any of its obligations under this policy, and in case an execution against the insured on a final judgment is returned unsatisfied, then such judgment creditor shall have a right of action on this policy against the company to the same extent that the insured would have, had the insured paid the final judgment."

a second reference to our prior opinion. This court cannot, under these circumstances, conclude that the challenged reference to our prior decision injected reversible error into the trial.

Truck next raises a variety of contentions relating to the jury instructions utilized at trial. This court has considered the jury instructions as a whole in light of Minnesota law, which, as the substantive law of this case, governs the substance of the instructions. *Fields v. Chicago, R. I. & P. Ry.*, 532 F.2d 1211 (8th Cir. 1976). We conclude that the jury was properly instructed as to the law governing submissible issues and that nothing in Truck's contentions as to the jury instructions merits a reversal. The instructions as a whole properly submitted the issues on the basis of controlling Minnesota and federal law. *Fields v. Chicago, R. I. & P. Ry., supra.*

■ Finally, Truck contends that the trial court erred in including pre-judgment interest in the award. The issue of pre-judgment interest here presents a question of conflict of laws. The accident involved in this diversity case occurred in Minnesota, while the trial took place in North Dakota. The trial court properly applied the choice of laws rule of North Dakota, the forum, in order to determine what substantive law should govern in this case. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 78 (8th Cir. 1976). In accord with the most significant contacts rule recently adopted by North Dakota in *Issendorf v. Olson*, 194 N.W.2d 750 (N.D.1972), the trial court determined that Minnesota law should apply to all substantive issues in this case, including pre-judgment interest. Apparently, Minnesota law permits the assessment of pre-judgment interest in bad faith failure to settle cases, the interest running from the date of the original judgment. *Lange v. Fidelity & Casualty Co.*, 290 Minn. 61, 185 N.W.2d 881 (1971). Accordingly, pre-judgment interest from the date of the initial judgment of October 23, 1970, was included in the award challenged here.

■ Truck contends that the granting of pre-judgment interest should have been controlled by the law of North Dakota, which provides that in tort cases, only the jury is empowered to assess such interest. N.D.Cent.Code § 32–03–05 (1976). The controlling issue here, however, is how the courts of North Dakota have treated the question of pre-judgment interest in the conflict of laws context. Implicit in Truck's contention is the assumption that pre-judgment interest is, in North Dakota, considered a procedural issue which is governed by the law of the forum rather than by the law governing the substantive issues of a case. Truck cites no cases in support of this position and it appears that the courts of North Dakota have not yet had occasion to address the question of the characterization of pre-judgment interest for conflict of laws purposes. Under these circumstances, and because the characterization of interest for conflict of laws purposes is not free from doubt, *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), we are constrained to defer to the trial court's determination that under the most significant contacts rule adopted by North Dakota, interest would be deemed a matter governed by substantive law, which in this case would be the Minnesota law. *Luke v. American Family Mutual Insurance Co.*, 476 F.2d 1015, 1019 n. 6 (8th Cir.), *aff'd en banc*, 476 F.2d 1023 (1972).

The judgment of the District Court is affirmed.