JEAN F. COGSWELL, Adm'rx of the Estate of Oren D. Cogswell, Deceased, Plaintiff-Appellant, *v.* NORFOLK AND WESTERN RAILWAY COMPANY *et al.,* Defendants-Appellees.

Fourth District   No. 13326

Opinion filed November 18, 1976.

Thomas, Mamer, Haughey & Miller, of Champaign (Thomas F. Kolter, of counsel), for appellant.

Edward J. Kionka, of Belleville, for appellees.

Philip C. Zimmerly, of Champaign, for appellee Robert Valentine.

Robert P. Shonkwiler, of Monticello, for appellee Norfolk and Western Railway Company.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is a wrongful death action which arose out of a collision between plaintiff's decedent's truck and defendant Norfolk and Western's train at a crossing within the boundaries of defendant Valentine's farm property. In essence, plaintiff has alleged that on an icy December afternoon decedent was unable to stop and slid down a steeply sloping road into the train. She alleged that decedent's view of the tracks was obstructed by an embankment until he reached the crest of a hill, at which point it was too late to prevent the truck from sliding into the train. She alleged that Valentine gave no warning of the dangerous condition; that neither N&W nor Valentine had posted any warning signs or signals; that the train, traveling at excessive speed, gave no signal by horn or otherwise; and that both defendants, in the alternative, were responsible for the construction of the dangerous road and crossing. In all four counts of the complaint, she alleged the following:

> "That said crossing was constructed and maintained in such a manner that there was an embankment on the Railroad's right-of-way approximately ½ mile to the North and South of the said road along the railroad tracks which embankment obstructed the view from an approaching vehicle so that absent a warning from a train approaching Valentine's Crossing, an approaching vehicle on the road would not be able to observe a train approaching at excessive speed as alleged until it was too late to stop to avoid a collision when the road was icy or slippery, or to proceed across the tracks to avoid a collision before the train reached the intersection."

The record clearly indicates that the trial judge construed these quoted allegations to be fatal judicial admissions of superseding and intervening cause which rendered defendants' negligence, if any, irrelevant. The judge dismissed the complaint. In so doing, however, he did not limit his reasons to the judicial admissions but stated, rather, that he was dismissing "for many reasons, judicial admissions, et cetera." He then gave plaintiff leave to file a motion for leave to file an amended complaint with the proposed amendment and supplementary memorandum attached so that the only issue at the next hearing would be whether plaintiff had stated a cause of action. Plaintiff subsequently made the motion and submitted the documents. The amended complaint contained all the allegations of the original and added a few. The court held that the amended complaint failed to state a cause of action, denied leave to file it, and dismissed the case. On appeal, therefore, the issue is whether the amended complaint does, in fact, state a cause of action.

Resolution of this issue depends primarily upon our finding concerning the effect of the allegation of icy conditions.

The defendants urged, and the trial court agreed, that these allegations were judicial admissions of superseding and intervening cause and were fatal to plaintiff's negligence complaint. In support of their contention, defendants cite *Berg v. New York Central R.R. Co.* (1945), 391 Ill. 52, 62 N.E.2d 676. In that case Berg was incapacitated when the car in which he and his companion, Graves, were driving slid on icy pavement into the path of a train at a public crossing. The jury returned a verdict finding the railroad negligent in having failed to sound a warning. Our Supreme Court determined that the negligence was irrelevant, however, and held for defendant, saying:

> "Graves's evidence describing his efforts to avoid the collision either by stopping the automobile or turning it from the street leaves no room to doubt that it was the ice on the roadway that rendered his efforts futile. There is no evidence which casts doubt upon the mechanical condition of the brakes or the sufficiency of Graves's effort to have stopped or turned the automobile had it not been for the ice. Thus the ice on the roadway became a superseding and intervening cause, and the injury of Berg was the culmination of the events produced by it. The sequence between defendant's wrongful act and Berg's injury was not continuous and unbroken. Since Graves and Berg saw the train when they were yet a distance where the automobile could have been stopped or turned from its course and the collision avoided had it not been for the ice, it is obvious that the two causes, that is, defendant's wrongful act and the condition of the street, were wholly unrelated in their operation. They were not concurrent, and there is no basis

for an inference that the wrongful act created a condition which made the injury possible. The principle involved is often tersely stated thus: 'An injury can not be attributed to a cause unless, without it, the injury could not have occurred.' (38 American Jurisprudence, sec. 63, p. 715.) The undisputed facts lead to the conclusion that the icy condition of the street was the proximate cause of the injury and not defendant's wrongful act. Under such circumstances there was no question of fact for the jury." 391 Ill. 52, 65-66, 62 N.E.2d 676, 682-83.

Under both defendants' reasoning here, *Berg* stands for the proposition that if icy conditions exist in a motor vehicle-train collision, they are, as a matter of law, the superseding and intervening cause. Hence, they are the true proximate cause and any negligence on the part of the defendants is irrelevant. Having put *Berg* in this posture, defendants urge that the allegations here of icy conditions are, per se, fatal judicial admissions which mandated the dismissal of the complaint and denial of leave to amend. We disagree.

We take note of several elements of the *Berg* case and its relationship to the facts of this case which justify our holding. First, as *Berg* points out, causation is ordinarily a question of fact for the jury to be determined from a consideration of all the facts and attending circumstances. *Berg* was an appeal from a judgment *n.o.v.* In this case, however, plaintiff has not yet been given the opportunity to present the facts and circumstances because the case was dismissed on the pleadings. Secondly, although the courts have cited *Berg* several times on similar facts, in no case have they held that it laid down so harsh a rule as that advocated by defendants. (*Kelleher v. Toledo, Peoria & Western R.R. Co.* (1970), 129 Ill. App. 2d 110, 262 N.E.2d 744; *Langston v. Chicago & Northwestern Ry. Co.* (1946), 330 Ill. App. 260, 79 N.E.2d 852; *Comiskey v. Engel* (1950), 339 Ill. App. 309, 89 N.E.2d 845; *Marquardt v. Cernocky* (1958), 18 Ill. App. 2d 135, 151 N.E.2d 109.) Thirdly, the court in *Berg* specifically noted that the complaint there was not drafted on the theory that the crossing was extra-hazardous. In this case, the main thrust of the complaint appears to be that the crossing was indeed extra-hazardous.

■■ In the light of these considerations, we hold that the allegations of icy conditions were not per se fatal judicial admissions and that the case should not be dismissed on that ground. Regrettably, however, the judge dismissed "for many reasons" and not just because of the judicial admissions; but he failed to articulate those reasons. Because of this oversight, we must now examine the amended complaint count by count to see if each count alleges a cause of action.

■■■ Count I is against N&W. It alleges that N&W knew of the icy condition at the crossing on the date of the accident, but that it failed to

provide cinders, sand, or other abrasives; that it operated its train at excessive speed; that it failed to warn by signs or lights; and that it failed to maintain a proper lookout. Illinois courts long ago have determined that a railroad has a duty of reasonable care toward persons rightfully on its farm crossings. (*Chicago & Alton R.R. Co. v. Sanders* (1894), 55 Ill. App. 87.) The issues, therefore, should go to the factfinders. Count I also alleges that the railroad constructed an embankment which obstructed view and a crossing and approach which created a chute-like hazard. In other words, it alleges N&W undertook to construct the approach and crossing and did so negligently. By undertaking to act, regardless of its duty to do so, N&W became subject to a duty to use due care in its manner of performance. (*Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769.) Whether N&W exercised due care is also a question for the factfinder. Given the facts in the pleadings, we cannot, therefore, hold as a matter of law that the complaint fails to state a cause of action.

■■ Count II is against N&W and alleges violations of "An Act in relation to fencing and operating railroads" (Ill. Rev. Stat. 1973, ch. 114, pars. 53-67). Section 1 requires the railroad to construct farm crossings. The count alleges negligent construction, but in so doing it merely repeats common law allegations contained in Count I. Sections 5 and 6 require warning signs and the sounding of a bell, whistle, or horn at public crossings. Because the complaint cannot fairly be read to allege that "Valentine's crossing" was a public crossing these sections are of no help to plaintiff. All other sections of the Act cited by plaintiff in the complaint are simply irrelevant to the facts of the case. Hence, Count II does not state a cause of action.

■■ Count III is against N&W. It invokes sections 5 and 6 of "An Act in relation to operating and fencing railroads" which, as we have said, do not apply to private crossings. It also alleges failure to comply with Rules 205 and 206 of General Order No. 138 of the Illinois Commerce Commission (1937). Rule 205 reads as follows:

> "Every railroad shall keep its right-of-way adjacent to its track reasonably clean of brush, shrubbery, trees, weeds, crops and all unnecessary permanent obstructions such as unauthorized signs and billboards * * *." (Emphasis added.)

Plaintiff argues that this Rule mandated the removal by the railroad of the embankment which allegedly obstructed decedent's view as he traveled along the road before reaching the crest of the hill. We have found no case on point, but the explanatory language after the word "obstructions" in the Rule leads us to the conclusion that the Rule does not require the removal of anything so permanent in nature as an embankment.

Rule 206 reads as follows:

> "At every grade crossing where the duty of constructing or

maintaining either the crossing proper or its approaches (or any part thereof) is by statute, by order of the Commission, or in any lawful manner, placed upon a railroad company, it shall be the duty of the railroad company to construct and maintain the crossing or approaches so that at all times they will be safe as to persons and property."

Although we have found no cases in which the Rule has been applied to a private crossing, we hold that, by its language, it may apply on the facts in this case. Hence, Count III states a cause of action.

■■ Count IV is against Valentine, the property owner. It alleges that Valentine knew of the dangerous condition, that it was on his property, and that decedent was a business invitee. It further alleges that Valentine constructed the road, failed to remedy the dangerous conditions, failed to warn the decedent, and failed to spread abrasives. By undertaking construction, defendant became subject to a duty to use due care. (*Nelson v. Union Wire Rope Corp.*) Also, a landowner has a duty to remedy unreasonably dangerous conditions on his property or warn business invitees of them. (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47.) Thus, we cannot say that Count IV fails to state a cause of .action.

In summary, therefore, we reverse as to Count I, III, and IV and affirm as to Count II.

Reversed in part, affirmed in part. Remanded for further proceedings consistent with this opinion.

CRAVEN, P. J., and GREEN, J., concur.