(Nos. 45816, 45834 cons.—)

VERNON RAY, Admr., *et al.*, Plaintiffs-Appellants and Appellees, v. COCK ROBIN, INC., *et al.*, Defendants.—(Cock Robin, Inc., Appellant; Edward Zawacki, Appellee.)

*Opinion filed March 29, 1974.*

20

GOLDENHERSH, J., dissenting in part.

Fred Lambruschi, of Chicago (Herbert P. Veldenz, of counsel), for plaintiffs-appellants and appellees.

Howard C. Sorensen, and Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellant Cock Robin, Inc.

Hubbard, Hubbard, O'Brien & Hall, of Chicago (Alvin G. Hubbard and Frederick W. Temple, of counsel), for appellee Edward Zawacki.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiffs, Vernon Ray, as administrator of the estate of his deceased daughter, Kimberly Ray, and several parents, as next friends of their minor children, filed a negligence action in the circuit court of Du Page County seeking damages against defendants, Edwin Cholewa, Edward Zawacki, d/b/a North Grace Super Sinclair Service, and Cock Robin, Inc. At the close of the evidence the trial court directed a verdict against Cholewa as to liability and submitted the issue of damages to the jury, which returned verdicts against Cholewa totalling $99,400. Verdicts in favor of Zawacki and Cock Robin as to their liability were also returned and judgment was entered. On appeal to the Appellate Court, Second District, the justices of that court agreed that the judgment entered on behalf of Cock Robin must be reversed and the cause remanded for a new trial because relevant evidence was excluded

from the jury's consideration. The appellate court majority further held that the judgment entered on behalf of Zawacki and against Cholewa was proper. (*Ray v. Cock Robin, Inc.,* 10 Ill. App. 3d 276.) Petitions for leave to appeal by plaintiffs and Cock Robin were both granted and the causes consolidated for opinion and decision.

The facts giving rise to this case are extensively reported by the appellate court and none of the parties have challenged their sufficiency. For purposes of this appeal we need only briefly reiterate certain facts.

Cock Robin owned a drive-in ice-cream establishment located on the southwest corner of River Road and Cherry Street in River Grove. The structure on the premises occupied by Cock Robin did not encompass the entire area. The building was located near the rear of the property. In front of the stand, in an open area, were several picnic tables and a bicycle rack for use by patrons. No curbing or other obstruction separated Cherry Street from the picnic area.

On the day of the accident Cholewa was southbound on River Road in an automobile that had been recently serviced by Zawacki. As he approached Cherry Street, he applied his brakes because of congested traffic ahead. The brakes failed and he attempted to turn his car onto Cherry Street but was unable to negotiate the turn because, as Cholewa testified, his power-steering mechanism also failed. As a result, his vehicle entered the picnic area of the ice-cream stand, hit the bicycle rack, a picnic table and came to a stop in the adjacent lot. Several children represented in this action were sitting at the table and were injured, one fatally.

During the course of the trial plaintiffs were denied introduction of certain testimony and they made an offer of proof. John Reinert, an investigating police officer, testified in the offer of proof that in the month preceding the accident he was at the ice-cream stand and saw the driver of a southbound vehicle on River Road attempt a

right-hand turn onto Cherry Street. The driver was unable to successfully make the turn and his vehicle entered the parking area and hit the bicycle rack pushing it against a picnic table. Reinert further stated that he informed a Cock Robin employee about the possibility that the picnic benches were located in a dangerous area. The latter said that the employer had been informed of the danger. The appellate court construed this testimony as relevant and held that the trial court's refusal to admit this evidence was prejudicial.

Cock Robin argues that even though a driver may lose control of his vehicle and it may leave the roadway, this is not a foreseeable circumstance necessitating that a defendant effect preventive measures to protect its patrons against such a possibility. Said defendant appears to claim that the lack of any protective measures, such as barricades on its property, was merely a condition which made the injury possible by the subsequent independent act of Cholewa and its conduct therefore cannot be construed as the proximate cause of the accident. There is no contention advanced by Cock Robin that the prior incident described by Reinert is not sufficiently comparable to the occurrence giving rise to this action. Nor does Cock Robin dispute its duty to protect patrons from unreasonable risks of harm.

We have held that a tort action may not be maintained if the injury was not foreseeable or reasonably anticipated. (*Donehue v. Duvall,* 41 Ill.2d 377, 379.) It has been further stated that evidence of other sufficiently related accidents may be used to show that an owner had notice of the existence of an unsafe condition and that the unsafe condition caused other accidents. (*Wolczek v. Public Service Co. of Northern Illinois,* 342 Ill. 482, 501; see generally 2 Wigmore, Evidence, secs. 252, 442, 458 (3d ed. 1940).) We believe that Reinert's testimony would tend to establish that Cock Robin was aware of the possible danger which existed to its patrons in the area of the bicycle rack

or picnic tables when drivers attempted to turn onto Cherry Street yet entered the picnic area. We are of the opinion that the record does not establish that Cholewa's conduct was unforeseeable as a matter of law.

Cock Robin's position is correct that one may not recover for an injury from the negligent act of an initial wrongdoer when a new and independent force intervenes breaking the initial causal connection and producing the injury. (*Donehue v. Duvall,* 41 Ill.2d 377, 379; *Driscoll v. Rasmussen Corp.,* 35 Ill.2d 74, 78.) However, "it is fundamental in the law of negligence that there may be more than one proximate cause of injury [citations], and that one is liable for its negligent conduct whether it contributed in whole or in part to the plaintiff's injury, so long as it was one of the proximate causes of injury." (*Nelson v. Union Wire Rope Corp.,* 31 Ill.2d 69, 88; see also *Thomas v. Chicago Embossing Co.,* 307 Ill. 134, 140.) If an independent or intervening cause is foreseeable or probable, the causal connection is not broken. (*Johnston v. City of East Moline,* 405 Ill. 460, 464-65.) Whether a defendant's conduct is to be considered as a proximate cause of the injury presents a question to be determined by the trier of fact. *Ney v. Yellow Cab Co.,* 2 Ill.2d 74, 84.

As we have concluded, evidence of the prior occurrence gave rise to the possibility that the incident in question was foreseeable. Cock Robin's failure to erect barricades could have been found to have created a dangerous condition to patrons who would sit at the picnic tables. Consequently, a factual question is presented about which reasonable persons might differ as to whether the condition of Cock Robin's property was a proximate cause of the injuries. The appellate court did not err in reversing the judgment in favor of Cock Robin and remanding the matter for a new trial.

Plaintiffs' sole contention questions the propriety of the directed verdict against Cholewa as to liability. The bare claim is made that they were prejudiced by entry of

24

the directed verdict because the effect of the trial court's action was for all practical purposes a direction of verdict in favor of the other defendants. The complaint alleged that Cholewa was liable because he negligently operated his motor vehicle. The directed verdict against Cholewa upheld the allegation which plaintiffs sought to establish. There is no issue advanced by plaintiffs that any relevant evidence against Zawacki was excluded. We have examined the record and find that the jury's determination in favor of Zawacki was not erroneous. Since plaintiffs have been granted a new trial as to Cock Robin no claim of prejudice may be sustained.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting in part:

For the reasons so well stated by Mr. Justice Dixon in his dissenting opinion (10 Ill. App. 3d 276, at 287-8) I dissent from those portions of the opinion which approve the direction of the verdict against the defendant Cholewa, and deny a new trial as to the defendant Zawacki. There is, of course, no authority for permitting the attorney for defendant Cock Robin, Inc., to force a directed verdict on the plaintiffs and I agree with Mr. Justice Dixon that a party "ought to be allowed to try his own case."