7 June 2000

No. 3–99–0027

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

JANICE C. KING and ) Appeal from the Circuit Court

JAMES E. KING, ) for the 12th Judicial Circuit,

) Will County, Illinois

Plaintiffs, ) 

)

) 

) No. 95–L–7610

NLSB f/k/a New Lenox State ) 

Bank, a subsidiary of New Lenox ) 

Holding Company, a Corporation, ) Honorable

) Thomas M. Ewert

Defendant. ) Judge Presiding

JUSTICE KOEHLER delivered the opinion of the court:

The plaintiffs in this negligence action, Janice and James King, appeal the Will County circuit court's grant of summary judgment.  At issue is whether the circuit court erred in granting summary judgment when it concluded that a glass panel was inherently an open and obvious hazard, obviating as a matter of law the defendant's duty to warn of its existence.  We conclude that whether the glass panel was an open and obvious condition was a matter of fact to be decided by the jury and, accordingly, reverse.

I. FACTS

Janice King, the plaintiff, went to NLSB on May 30, 1993, to purchase a savings bond.  NLSB is a free-standing motor banking facility with a lobby area open to customers conducting business with the bank.  NLSB's entrance to the lobby consists of two doors with two clear, floor-to-ceiling glass panels with lettering on either side of the doors that lead into a vestibule area where there are two more doors with two clear, floor-to-ceiling, unmarked glass panels on either side.  This was the plaintiff's second visit to this NLSB branch.

After the plaintiff purchased the savings bond, she stopped at a counter near the doors to organize her papers.  As she began to walk out of the bank, she thought a bank teller was calling to her.  She turned to look at the bank teller, but she then determined that the bank teller was not speaking to her.  The plaintiff again turned to leave and continued walking.  She took a few steps, and walked into the clear glass panel located immediately to the right of the inner doors, bruising her arm and breaking her nose.

The plaintiff was taken to a local hospital to have her injured nose sewn and, later that summer, underwent further surgery.  She was unable to work for several months because she continued to have problems with congestion and restricted breathing.  The plaintiff alleges that she remains in need of plastic surgery to remove her facial scars caused by the accident.

The plaintiff ultimately brought a two-count complaint: count I on her own behalf and count II on behalf of her husband for his loss of consortium.  The defendant filed affirmative defenses, alleging that the plaintiff failed to keep a proper lookout while proceeding through the NLSB premises, failed to avoid an object that was within plain view, and walked through the premises at a speed greater than reasonable for the present conditions.

Ultimately, the defendant moved for summary judgment, urging that the glass panel was an open and obvious hazard, precluding any duty to warn of its existence.  The plaintiff countered that an issue of material fact existed as to whether the condition itself was open and obvious.  The circuit court granted the defendant's motion for summary judgment, and this appeal followed.

II. ANALYSIS

Our review of summary judgment is 
de novo
.  
Outboard Marine
 
Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992).  Summary judgment should only be granted when the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact when construed in the light most favorable to the nonmoving party and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2–1005(c) (West 1992); 
LaFever v. Kemlite Co.
, 185 Ill. 2d 380, 388, 706 N.E.2d 441, 446 (1998).  Summary judgment is a drastic measure that should only be granted when the right of the moving party is clear and free from doubt.  
Purtill v. Hess
, 111 Ill. 2d 229, 239-41, 489 N.E.2d 867, 871 (1986).

A cause of action based on common law negligence is comprised of the following essential elements: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by that breach.  
Ward v. K Mart Corp.
, 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990).  Ordinarily, whether a duty exists is a question of law which a court must determine.
  
Ward
, 136 Ill. 2d at 140, 554 N.E.2d at 226.  In 
Ward
, our supreme court ruled that a property owner's duty to a person lawfully on the premises (the distinction between invitee and licensee having been abrogated (740 ILCS 130/2 (West 1992))) is that which is articulated in Section 343 of the Restatement (Second) of Torts (1965) (the Restatement).  Section 343 states, in pertinent part:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care 

would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and 

(b) should expect that they will not discover or

realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect

them against the danger."  Restatement (Second) of Torts §343 (1965).

The 
Ward
 court further adopted section 343A of the Restatement, which sets forth an "open and obvious hazard" exception to the duty of care set forth in section 343, "unless the possessor should anticipate the harm despite such knowledge or obviousness."  Restatement (Second) of Torts §343A(1) (1965).  Whether a possessor should guard against harm to the invitee, despite the obviousness of the hazard, depends upon two considerations: first, if the possessor has reason to expect that the invitee's attention may be distracted so that he (a) will not discover what is obvious or will forget what he has discovered or (b) fails to protect himself against it; and second, when the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because the perceived advantages outweigh the perceived risks.  
LeFever
, 185 Ill. 2d at 391, 706 N.E.2d at 448; see also 
Ward
, 136 Ill. 2d at 149-50, 554 N.E.2d at 231; Restatement (Second) of Torts §343A, Comment f, at 220 (1965).

As the above analysis demonstrates, a premises owner is under a duty to warn of existing hazards under certain circumstances, but is relieved of such a duty under other circumstances.  Whether the duty that has been articulated by our supreme court applies will depend upon the underlying factual scenario.  In other words, a determination of the underlying facts is necessary to ascertain whether this particular duty finds application.  Thus, the issue is a mixed question of law and fact.  
Ward
, 136 Ill. 2d at 156, 554 N.E.2d at 234.

In support of its motion for summary judgment, the defendant attached photographs of the glass panels and cited testimony from the plaintiff that she had been distracted immediately prior to the incident.  The defendant also noted that the 27-inch-wide glass panels were indented within a frame, apparently giving the appearance of a door versus an open walkway.  Finally, the defendant noted testimony from the plaintiff that she put her arm out in an effort to open what she thought was a door.

In opposition to the motion for summary judgment, the plaintiff asserted that the panels were made of clear unmarked glass without benefit of any obstacle in front of them, such as ropes or plants.  In this regard, the plaintiff disputed whether the photographs attached to the defendant's motion accurately depicted the panels on the date of the incident because the planters in front of the panels depicted therein were not present on that date.  The plaintiff referred to other photographs to support her contention that the glass panels were not an open and obvious hazard.  Moreover, with regard to the qualification that the "open and obvious" exception does not apply when the possessor should anticipate the harm despite his knowledge of the hazard's obviousness, plaintiff cited testimony of people who had witnessed other people walking into the glass panels.

We believe, viewing the facts in a light most favorable to the plaintiff, that a reasonable jury could conclude that the clear glass panels at issue in this case do not present an open and obvious hazard.  We also believe that a reasonable jury could find that they do present an open and obvious hazard, but that the defendant should have anticipated the harm despite its knowledge of the obviousness.  We therefore believe summary judgment was inappropriate and reverse the circuit court's decision.  On remand, the circuit court should instruct the jury consistent with sections 343 and 343A of the Restatement and direct that its verdict should be consistent with its findings in that regard.

In so ruling, we caution that our holding is a limited one.  Importantly, we are not holding as a matter of law that glass panels can never be open and obvious hazards or that such panels are always in need of warning.  No doubt there will be circumstances where a glass panel is inherently open and obvious.  We simply rule that, under the circumstances presented to the circuit court, reasonable people could disagree on the issue.  The appropriate arbitrator is, therefore, the jury.

III. CONCLUSION

We conclude that whether the glass panels were an open and obvious hazard in this case is not clearly evident from the facts and, therefore, should be decided by the jury.  So, too, should the issue of whether the defendant should have warned of the danger in any event.  Accordingly, we reverse the circuit court's order granting summary judgment and remand this case for further proceedings consistent with this opinion.

Reversed.

BRESLIN and HOLDRIDGE, JJ., concur.