DETROY MARSHALL, JR., as Personal Representative of Detroy Marshall III, Deceased, and as Adm'r of the Estate of Detroy Marshall III, Deceased, Plaintiff-Appellant, v. BURGER KING CORPORATION *et al.*, Defendants-Appellees.

Second District No. 2—04—0429

Opinion filed March 4, 2005.

McLAREN, J., dissenting.

William T. Cacciatore and Eileen J. McCabe, both of Cacciatore Law Offices, of Rockford, for appellant.

Karen L. Kendall, Douglas J. Pomatto, and Scott G. Salemi, all of Heyl, Royster, Voelker & Allen, of Rockford, for appellees.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Detroy Marshall, Jr., as personal representative and administrator of the estate of Detroy Marshall III (decedent), brought a negligence action against Burger King Corp., Davekiz, Inc., Pamela H. Fritz (Fritz), and other parties. The basis of the suit was an incident where a car driven by Fritz crashed through the wall of a Burger King restaurant franchised to Davekiz and struck decedent, inflicting fatal injuries. Plaintiff alleged that the failure of Burger King and Davekiz to exercise due care in the design and construction of the restaurant was a proximate cause of decedent's injuries. The trial court granted Burger King and Davekiz's joint motion, under section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 2002)), to dismiss the allegations against them. We reverse and remand.

Plaintiff's complaint alleged that on September 27, 2001, Fritz was attempting to leave the parking lot of a Burger King restaurant on Auburn Street in Rockford when she backed her car into a lamppost in the parking lot. Driving forward from the lamppost, Fritz lost control of her car, which came up on the sidewalk, became airborne, and crashed through the largely windowed wall of the restaurant, striking and fatally injuring decedent. Plaintiff asserted that the car would not have entered the dining area of the restaurant had Burger King and Davekiz properly constructed the building and sidewalk and installed protective barriers around the building. Specifically, plaintiff alleged that Burger King and Davekiz:

"a. Failed to place vertical concrete pillars or poles in the sidewalk by the entrance of said restaurant, which vertical pillars or poles would have prevented the vehicle *** from becoming air

born [*sic*] and coming to rest over the brick half wall, when the Defendant[s] knew or should have known that failing to put concrete pillars or poles in the sidewalk by the entrance to the restaurant could allow a vehicle to become air born [*sic*] when driven over the sidewalk thereby causing the vehicle to come down on top of the half brick wall, trapping patrons \*\*\*.

b. Improperly designed the Burger King restaurant building, by designing the building to be bricked up only a few feet from the ground, when the Defendant[s] knew or should have known, that permitting the building to be bricked up only a few feet from the ground may allow a vehicle from the parking lot to drive into the building, and crash through the glass on top of the brick \*\*\*.

c. Improperly constructed the building and sidewalk of the Burger King restaurant involved in this occurrence, by failing to place vertical concrete pillars or poles near the entrance of said restaurant, contrary to the custom and practice of the industry, when the Defendant[s] knew or should have known that the custom and practice in the building industry was to place vertical concrete pillars or poles near the entrance to the building when the parking lot is [*sic*] such close proximity, and vehicles could drive up onto the sidewalk and into the building \*\*\*.

d. Failed to adequately and securely construct the entrance and front of the Burger King restaurant involved in this occurrence, when the Defendant[s] knew or should have known that the location of this occurrence involved a high traffic count on two major streets, and that vehicles may drive onto the sidewalk and into the building \*\*\*.

e. Improperly designed and constructed the sidewalk area of the Burger King restaurant involved in this occurrence, in violation of the BOCA Building Code, by designing and constructing a sidewalk which \*\*\* when hit by a vehicle causes the vehicle to become air born [*sic*] and crash into the restaurant building \*\*\*.

f. Failed to otherwise use due care in the design, construction, [*sic*] maintenance of the building, parking lot and sidewalk involved in this occurrence."

Burger King and Davekiz filed a joint motion to dismiss, claiming they had no duty under the law to protect their patrons from the threat of runaway cars crashing into the restaurant. The trial court granted the motion and dismissed the allegations against Burger King and Davekiz with prejudice. The trial court reasoned:

"[T]he likelihood of this scenario is so minor that to guard against it in the manner suggested would require fortifying every building within striking distance of any crazed or incredibly inept driver, and the result would be to require foregoing any hope of aesthetically pleasing or business-enticing buildings. Obviously these two

factors are less important that [*sic*] the safety of invitees, but the Court is required to do a balancing test and in doing so, I find that the duty stated by the plaintiffs is too high in this instance."

A motion to dismiss brought pursuant to section 2—615 of the Code attacks the legal sufficiency of a complaint, based on defects apparent on the face of the complaint. *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004). In ruling on a section 2—615 motion, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences therefrom in favor of the nonmoving party. *Vitro*, 209 Ill. 2d at 81. The question for the court is whether the allegations of the complaint, when viewed in the light most favorable to the nonmoving party, are sufficient to state a cause of action upon which relief can be granted. *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 382 (2004). A cause of action should be dismissed pursuant to a section 2—615 motion only if it is clearly apparent that no set of facts can be proven that will entitle the plaintiff to recovery. *Borowiec*, 209 Ill. 2d at 382-83. Our review of a dismissal pursuant to section 2—615 is *de novo*. *Colmar, Ltd. v. Fremantlemedia North America, Inc.*, 344 Ill. App. 3d 977, 994 (2003).

■ The sole issue on appeal is whether the trial court erred in holding that Burger King and Davekiz had no duty to take any of the precautions cited by plaintiff in his complaint. The elements of a common-law action for negligence consist of: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately resulting from the breach. *Trevino v. Flash Cab Co.*, 272 Ill. App. 3d 1022, 1027 (1995). Ordinarily, whether a duty exists is a matter of law for the trial court to determine in each particular case. *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 525 (1987). Whether a duty exists depends upon whether the parties stand in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff. *Ellison v. Village of Northbrook*, 272 Ill. App. 3d 559, 566 (1995). It is already well settled in the law that a premises owner owes to invitees a duty of reasonable care under the circumstances, regarding the state of the premises or acts done or omitted on them, and the owner must maintain the premises in a reasonably safe condition. *Harris v. Old Kent Bank*, 315 Ill. App. 3d 894, 900 (2000). Whether the premises owner breached his general duty of reasonable care with respect to a particular hazard is generally a question for the trier of fact. See *Ward v. K mart Corp.*, 136 Ill. 2d 132, 156 (1990) (whether precautions were necessary to satisfy the premises owner's duty of reasonable care in relation to concrete post situated near store exit is a question of fact); *King v. NLSB*, 313 Ill.

App. 3d 963, 966-67 (2000) (issue of what precautions defendant bank should have taken in relation to floor-to-ceiling glass panel located in lobby was question of fact precluding summary judgment). "Whether the duty [of a premises owner to an invitee] applies will depend upon the underlying factual scenario. In other words, a determination of the underlying facts is necessary to ascertain whether this particular duty finds application." *King*, 313 Ill. App. 3d at 966.

Plaintiff's complaint states a cause of action against Burger King and Davekiz for negligence. Plaintiff alleges specific ways in which Burger King and Davekiz failed to guard against the possibility of cars penetrating the restaurant and injuring patrons. Based on the allegations in the complaint, we cannot say as a matter of law that such precautions are beyond the duty of reasonable care owed by a premises owner in Burger King's and Davekiz's situation. Illinois cases have recognized the duty of premises owners to protect invitees from the dangers of runaway vehicles despite the relevant rarity of such incidents. See *Ray v. Cock Robin, Inc.*, 57 Ill. 2d 19, 23 (1974) (in suit for injuries sustained when a car left the roadway and struck decedent as he sat in a picnic area on defendant's premises, it was error to withhold evidence that similar accident occurred previously, because a jury could find, based on such evidence, that defendant's "failure to erect barricades *** created a dangerous condition to patrons who would sit at picnic tables"); *Marquardt v. Cernocky*, 18 Ill. App. 2d 135, 137-38, 148 (1958) (affirming verdict finding park owner liable for injuries caused when a car parked on a hill above a picnic area was accidentally put into gear by a child, causing it to roll down into picnic area, striking plaintiff; liability based on park owner's failure to construct barricades on the hill to prevent harm from runaway cars).

■ The trial court cited policy reasons why Burger King and Davekiz should not be held responsible for failing to insure that runaway automobiles could not penetrate the restaurant. Specifically, the trial court determined that the precautions plaintiff cited could compromise the aesthetic qualities of business premises. In so doing, the trial court apparently overlooked plaintiff's allegation that Burger King and Davekiz departed from custom and practice in the industry, as well as violated the Building Officials and Code Administrators' (BOCA) building code, by not taking certain of the asserted precautions. Evidence of standards, safety rules, regulations, and codes is admissible to aid the finder of fact in deciding whether reasonable care was exercised in a given case. See *Darling v. Charleston Community Memorial Hospital*, 33 Ill. 2d 326, 331-32 (1965) (American Hospital Association accreditation standards relevant in determining whether hospital was liable for the negligent acts of its staff physi-

cians); *Grimming v. Alton & Southern Ry. Co.*, 204 Ill. App. 3d 961, 991 (1990) (rules of railroad association relevant in determining whether owner of railcar sent into interstate commerce and used by railway company was liable for injuries caused by certain defects in the car). Additionally, usage and custom that are not embodied in regulations or codes may also be considered in determining whether due care was exercised. *Denniston v. Skelly Oil Co.*, 47 Ill. App. 3d 1054, 1067 (1977). As the supreme court in *Darling* explained:

> "Custom is relevant in determining the standard of care because it illustrates what is feasible, it suggests a body of knowledge of which the defendant should be aware, and it warns of the possibility of far-reaching consequences if a higher standard is required." *Darling*, 33 Ill. 2d at 331.

In alleging that the conduct of Burger King and Davekiz was unreasonable in light of an industry code as well as custom and usage, plaintiff created a fact question whether Burger King's and Davekiz's failure to take precautions was a breach of their duty of reasonable care, despite whatever cost or inconvenience would be involved in the exercise of that duty.

Burger King and Davekiz rely principally on two cases, *Simmons v. Aldi-Brenner Co.*, 162 Ill. App. 3d 238 (1987), decided by the Third District Appellate Court, and *Stutz v. Kamm*, 204 Ill. App. 3d 898 (1990), decided by the Fourth District Appellate Court. Neither case persuades us that the dismissal of plaintiff's complaint was proper.

In *Simmons*, a patron of an Aldi grocery store lost consciousness as she was driving into the store's parking lot and consequently drove onto the store's sidewalk and through the glass front wall of the store, injuring and killing several other patrons. A negligence action was brought against Aldi for failing to guard against the prospect of a car penetrating the store. At trial, the victims' expert testified that Aldi breached its duty of maintaining reasonably safe premises. Among Aldi's specific safety lapses, noted the expert, were its failure to erect a concrete bulwark or parking bumpers and its installation of a sidewalk that, because it sloped upward toward the store, acted as a ramp. However, on cross-examination, the expert made the significant admission that "it would be speculation to say that if any of the safety features *** discussed had been present, they would have prevented [the car] from entering the store." *Simmons*, 162 Ill. App. 3d at 243. Viewing that admission as decisive, the appellate court reversed the jury verdict against Aldi:

> "When considering all the factors present in this case, we come to the conclusion that a duty did not legally exist requiring Aldi to protect against the injury caused by the *** automobile. As

plaintiffs' expert stated, it would be mere speculation to say that his recommended safety features would have prevented the entry of the car.

This case does not involve a vehicle rolling into the storefront. It involves a driver losing consciousness and accelerating into the building without evidence of immediate braking. It would amount to mere speculation to determine what would have stopped the vehicle in the absence of extensive engineering studies and testing. Even if there had been a frame or concrete-block partial wall, the entry could have taken place. If parking in front of the store had not been allowed, the unconscious driver may still have driven through the store's front wall. Under the facts present in this case, we find that placing a duty on Aldi to protect against this type of accident is an unreasonable burden. While one could contend that everything is foreseeable, we hold foreseeability as a matter of law was not present in this case.

A contrary opinion would place a burden on every store, near a street or parking lot, of constructing barriers adequate to prevent any car from being driven into the building." *Simmons*, 162 Ill. App. 3d at 244.

Based on the facts as recited in the opinion, the appellate court was justified in finding that the victims' case at trial failed for want of proof of "but-for" causation. However, this particular evidentiary void did not support the appellate court's further, and indeed sweeping, conclusion that neither Aldi nor any other store owner has a duty to erect barriers to prevent runaway cars from penetrating their store buildings. The appellate court offered no independent rationale for this generalization and, for the reasons stated above, we cannot agree with it. Therefore, we decline to follow *Simmons*.

In *Stutz*, a driver's license testee who was backing out of a parking space in the lot of a driver service facility accidently drove off the rear edge of the parking lot. The testee then drove forward rapidly, crashing into the driver service facility and striking the plaintiffs, who were sitting in the waiting area. The plaintiffs sued the owner of the facility and the contractor that constructed the parking lot. The plaintiffs alleged various specific defects in the construction of the parking lot that they claimed contributed to the accident, including the failure to provide bumpers or other stops to prevent automobiles from driving into the facility. The appellate court affirmed the trial court's dismissal of the plaintiffs' complaint under section 2—615, reasoning as follows:

"After considering all the factors present in plaintiffs' complaints, we hold that a duty did not legally exist requiring defendants to prevent the type of harm which occurred. It would be mere speculation to say the accident would have been prevented if defendants

had performed the omissions or not performed the negligent acts which plaintiffs alleged in their complaints. Moreover, extensive testing would be required to determine what structural barriers could have prevented such an occurrence. Placing a duty upon defendant owners or the defendant contractor in this case to guard against this type of harm would be an unreasonable burden. While it can be argued that everything is foreseeable, we hold foreseeability as a matter of law was not present in this case." *Stutz*, 204 Ill. App. 3d at 906.

■ In our view, this analysis is not proper under section 2—615. The question before the court was whether the plaintiffs alleged facts that, if proven, would entitle them to relief, yet the court essentially faulted the plaintiffs for failing to prove, not for failing to plead. For instance, to dismiss a complaint's allegations as "mere speculation," without more, does not point to any deficiency in the complaint. In the absence of proof, all allegations in pleadings are essentially speculative. Certainly, if the plaintiffs in *Stutz* had failed to allege that the precautions they cited would have prevented the injury, then the appellate court would have been justified in finding it was "mere speculation" whether the precautions would have worked, though that precise phrase would have been somewhat inapt. The plaintiffs, however, did in fact allege proximate causation. We also fail to see what defect in pleading was identified by the appellate court's remark that the burden of ascertaining effective precautions would involve "extensive testing." As there is no suggestion in *Stutz* that the pleadings contained any allegations regarding testing, it seems the court erroneously based its holding on matters outside the record. In any event, it would have been a quintessential fact question whether the testing required to ascertain the effectiveness of the precautions cited by the plaintiffs was prohibitively expensive. We conclude that the appellate court in *Stutz* wrongly analyzed the issue before it.

Even if *Stutz* was rightly decided, we would still not consider it controlling here, because plaintiff has included allegations in his complaint that distinguish this case from *Stutz*. Specifically, plaintiff has alleged that Burger King and Davekiz violated provisions of BOCA, as well as departed from custom and usage, in failing to take certain of the precautions plaintiff cited. As explained above, these allegations created a question of fact. No such allegations appear to have been pleaded in *Stutz*.

The dissent discusses several matters. However, with the exception of the proper readings of *Simmons* and *Stutz*, none of the points the dissent addresses were raised by either party, and so we decline to take them up. We wish to note, however, that although the dissent

faults us for not noting that Fritz's negligence was an intervening cause, the dissent, paradoxically, does not dispute the soundness of the holdings in *Ray* and *Marquardt*, both of which presuppose that premises liability may lie even where there is an intervening cause. As for *Simmons* and *Stutz*, the dissent merely asserts that they are "closely on point" (355 Ill. App. 3d at 694), without endeavoring to point out where it believes we err in distinguishing those cases.

For the foregoing reasons, we reverse the judgment of the circuit court of Winnebago County and remand this cause for further proceedings.

Reversed and remanded.

GROMETER, J., concurs.

JUSTICE McLAREN, dissenting:

I respectfully dissent because I do not believe that plaintiff sufficiently alleged facts to establish a duty or proximate cause. To be legally sufficient, a claim for negligence must allege facts that establish the existence of a duty owed by the defendant to the plaintiff, breach of that duty, and an injury proximately caused by that breach. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 228 (2000). To establish proximate cause, the plaintiff must plead and prove both cause in fact and legal cause. *Harrison v. Hardin County Community Unit School District No. 1*, 197 Ill. 2d 466, 477 (2001). Cause in fact is established where the defendant's conduct was "a material element and a substantial factor in bringing about the injury." *Harrison*, 197 Ill. 2d at 477.

Legal cause is a question of foreseeability. *Harrison*, 197 Ill. 2d at 476-77. An injury is foreseeable if the injury is of a type that a reasonable person would see as a likely result of his or her conduct. *Harrison*, 197 Ill. 2d at 477. Assuming, *arguendo*, that plaintiff sufficiently pleaded facts that Burger King's and Davekiz's acts or omissions were a cause in fact of the accident, the complaint fails to sufficiently allege facts to establish that they could have reasonably anticipated the independent acts of Fritz that directly caused the accident and the death of decedent.

Here, the facts alleged by plaintiff fail to establish that Burger King's and Davekiz's conduct was the legal cause of decedent's death. Plaintiff's complaint alleges that Pamela Fritz "backed into a lamp pole in the parking lot of the restaurant, and drove forward from the lamp pole, hit the sidewalk adjacent to said Burger King Restaurant, causing her vehicle to become air born [*sic*] and crash into the north

wall and windows of the restaurant building." Thus, the complaint makes clear that the accident that killed decedent occurred because, after backing into a lamppost, Fritz placed her car in drive and applied excessive force to the gas pedal, causing Fritz's car to drive onto the sidewalk, fly into the air, and crash through a brick and glass wall. Burger King's and Davekiz's allegedly negligent conduct did not cause Fritz to hit the lamppost, put the car in drive, or apply excessive force to the accelerator. Where, as here, a defendant's conduct did nothing more than furnish a condition, and that condition caused injury only because of the subsequent independent act of a third party, the creation of that condition is not a proximate cause of the injury. Instead, the subsequent independent act broke the causal connection between the original wrong and the injury, and Fritz's subsequent independent act became the sole proximate cause. See *In re Estate of Elfayer*, 325 Ill. App. 3d 1076, 1083 (2001) (drunk driver was effective intervening cause breaking any causal chain between alleged defects in median and resulting death).

Further, I do not believe that plaintiff has alleged facts that properly establish a duty. Two Illinois appellate courts have refused to impose a duty on defendants in circumstances similar to the case at bar. In *Simmons v. Aldi-Brenner Co.*, 162 Ill. App. 3d 238 (1987), a driver drove through a glass and aluminum wall of a grocery store, injuring or killing several patrons. The Appellate Court, Third District, held that the grocery store had no duty to protect against such an accident because it was not reasonably foreseeable. *Simmons*, 162 Ill. App. 3d at 244. Similarly, in *Stutz v. Kamm*, 204 Ill. App. 3d 898 (1990), a driver drove through a glass wall of a driver's license examination building, injuring one person and killing another in the waiting area of the facility. The Appellate Court, Fourth District, held that the accident was not foreseeable as a matter of law. *Stutz*, 204 Ill. App. 3d at 906.

Although the facts in *Simmons* and *Stutz* are closely on point with this case, the majority chooses to "follow" two factually dissimilar cases, *Ray v. Cock Robin, Inc.*, 57 Ill. 2d 19 (1974), and *Marquardt v. Cernocky*, 18 Ill. App. 2d 135 (1958). *Ray* involved an accident at an outdoor picnic area at an ice-cream stand. No curb or other obstruction separated an adjoining street from the picnic area. A driver lost control of his vehicle and hit a picnic table, injuring several children and killing one child. *Marquardt* also involved a car entering a picnic area. The picnic area was placed at the bottom of a hill. The parking lot was placed on top of the hill. A car rolled down the hill and injured the plaintiff after a child apparently disengaged the parking gear. Unlike the accidents in *Simmons*, *Stutz*, and this case, the accidents in

*Ray* and *Marquardt* were foreseeable because the victims were outside, near vehicles that were likely to enter the picnic spaces, and there was nothing physically separating the vehicles and the patrons. In *Marquardt*, the patrons sat at the bottom of a hilltop parking lot. In *Ray*, there was not even a curb separating the patrons from the street. In this case, decedent sat inside a building, and the parking lot and the seating area were separated by a sidewalk and a wall made of brick and glass. The significant factual differences between this case and *Ray* and *Marquardt* convince me that these cases are not controlling or even applicable here, especially when there are two other cases that are more closely on point.

Lastly, I am troubled by the majority's reliance on plaintiff's blind assertion that Burger King and Davekiz violated BOCA codes. When reviewing the granting of a motion to dismiss, we must disregard mere conclusions of fact unsupported by specific factual allegations. 735 ILCS 5/2—615 (West 2002); *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 325 Ill. App. 3d 1139, 1144 (2001). Plaintiff does not provide the code numbers or the text of the allegedly relevant codes. Plaintiff fails to inform the court whether these alleged BOCA codes were adopted by the City of Rockford or any other governing body. I agree that BOCA codes may be admissible as evidence of industry standards, but at this juncture, a conclusory assertion that Burger King and Davekiz violated certain codes, without specifying which codes and whether they have been codified, is not sufficient to establish a duty or a breach of duty. For the reasons stated, I respectfully dissent.